UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEMARKO CARRINGTON SANDERS,<br><br>    Defendant. | Case No. 19-20191<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER
ON DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS §§ 2241, 2255,
COVID-19 EMERGENCY RELIEF, AND CIVIL RIGHTS ACTION [38]**

Demarko Sanders is presently serving a federal sentence after pleading guilty to being a felon in possession of a firearm. He is seeking release or a reduction in his sentence as a result of the dangers created by the deadly coronavirus and the resulting restrictions in prison programming, visits, and medical care. Sanders asks the Court to resentence him to home confinement, to reduce his sentence by 50 percent with more supervised release, or to grant him compassionate release. He pursues these avenues for relief by way of a habeas corpus petition under 28 U.S.C. §§ 2241 or 2255 or a motion under the First Step Act. None of these avenues persuade the Court that Sanders is entitled to a reduction in his sentence. The request is DENIED.

**I.**

During the execution of a search warrant at his residence, Demarko Sanders threw a baggie of heroin out of his bedroom window as well as a semi-automatic 9mm pistol, with one round in the chamber and eight rounds in the magazine. (ECF No. 23, PageID.50–51.) Other controlled substances and ammunition were located in the residence. (*Id*. at PageID.51.) Sanders had

numerous prior felony convictions, including for drug and gun offenses and fleeing police during a dangerous high-speed chase. (*Id.*; Presentence Report, ¶¶ 30–34.)

Sanders was charged and ultimately pled guilty to one count of being a felon in possession of a firearm. (ECF No. 23.) For sentencing purposes, Sanders admitted that he possessed the firearm in connection with another felony offense, i.e., possession with intent to distribute heroin. (*Id.*) Sanders was sentenced to 60 months' imprisonment on January 15, 2020. (ECF No. 32.) He has a projected release date of April 19, 2024. (ECF No. 40-2, PageID.172.)

Sanders is presently serving his sentence at the Cumberland Federal Correctional Institution in Maryland. (ECF No. 38, PageID.129.) Sanders contends that Cumberland had a substantial coronavirus outbreak on November 30 and December 1, 2020. (ECF No. 38, PageID.130.) As a result, says Sanders, "the institution went under a harsh 24 hour lockdown." (ECF No. 38, PageID.131.) Sanders further argues that inmates were inappropriately moved to cells that were not properly cleaned. (*Id.*)

But the essence of Sanders' concerns centers around the restrictions that the Bureau of Prisons has imposed as a result of the coronavirus. Sanders complains about the lack of family communications, programming, and custody level adjustments. (*Id.*) He also says that medical treatment for his chronic care has been abandoned or neglected. (*Id.* at PageID.133.) Sanders contends that the "substantially diminished rehabilitation abilities and treatment" and "operation and programs" have violated his rights under the Fifth and Fourteenth Amendments, and that his "conditions under confinement" are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at PageID.132.)

As a result, Sanders asks this Court to reduce his sentence and, in effect, put him on home confinement now. The government opposes the request. (ECF No. 40.) The issues are adequately briefed and oral argument would not aid in their resolution. *See* E.D. Mich. LR 7.1(f).

## II.

Sanders seeks relief through a variety of statutory avenues. He describes his filing as a "Petition for Writ of Habeas Corpus § 2241-2255, COVID-19 Emergency Relief, and Civil Rights Action." (ECF No. 38, PageID.126.) The Court will address each in turn.

### A.

During the pandemic, the Sixth Circuit has explained that where a prisoner's habeas petition seeks release from custody by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011)). On the other hand, conditions of confinement claims that seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id*. Instead, claims that challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983.

Again, the basis of Sanders' motion is not entirely clear. He refers to it as both a petition under § 2241 and a civil rights action. He primarily complains about the harshness and inequity of COVID-19 lockdown measures that presumably could be modified or reduced. So Sanders may not be claiming that there are absolutely no conditions of confinement under which he could constitutionally remain at FCI Cumberland. But he also refers to the conditions of confinement as "COVID death row." (ECF No. 38, PageID.131.) And he only seeks release from prison and not a

3

court order requiring that the prison take measures to improve the conditions of his confinement. Such "release from confinement" is "the heart of habeas corpus." *Wilson*, 961 F.3d at 838 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)).

Ultimately, this Court does not need to figure it out. This motion or petition was filed as part of Sanders' criminal case. If Sanders is seeking to bring a separate habeas action under § 2241, he must file in a court that has jurisdiction over his custodian, FCI Cumberland. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also United States v. Rodriguez*, No. 18-cr-00090-7, 2020 U.S. Dist. LEXIS 232844, at *5 (D. Conn. Dec. 10, 2020) (noting that "[t]o the extent [defendant] also seeks to raise a claim that his conditions of confinement are in violation of the Eighth Amendment's prohibition on cruel and unusual punishment," such a claim needs to be brought in the federal district where the prison is located); *United States v. Duncan*, No. 17-01-KKC, 2020 U.S. Dist. LEXIS 196540, at *6–7 (E.D. Ky. Oct. 22, 2020) (denying defendant's request for release under the Eighth Amendment based on COVID-19 because an action under 28 U.S.C. § 2241 must be filed in the federal court district in which defendant is incarcerated); *United States v. Santiago*, No. 15-cr-280, 2020 WL 4015245, at *4 (E.D. Pa. July 15, 2020) (finding prisoner's contention that the current conditions at his facility violated his Fifth, Eighth, and Fourteenth Amendment rights "are not properly brought in a motion for compassionate release, and this Court does not have jurisdiction to consider them"). Similarly, this criminal case is not the proper vehicle for asserting civil rights violations arising out of the conditions of Sanders' confinement. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Thus, to the extent Sanders is challenging the manner in which his sentence is being served or his conditions of confinement at Cumberland FCI as result of the coronavirus pandemic, he must file a habeas petition in the District of Maryland.

**B.**

Treating Sanders' filing as a § 2255 motion does not help matters.

A motion under § 2255 permits a federal prisoner, in custody, to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255. Sanders did not challenge the propriety of his sentence on appeal and is not doing so now. He simply wants that properly imposed sentence to be reduced as a result of the coronavirus. Under these circumstances, § 2255 is "not the appropriate vehicle[] for his petition." *United States v. Johnson*, 451 F. Supp. 3d 436, 443–44 (D. Md. 2020).

**C.**

With § 2241 and § 2255 not viable options in this proceeding, Sanders' filing reduces to a compassionate-release motion. (ECF No. 38, PageID.133.) The Court interprets this as a request under the First Step Act, 18 U.S.C. § 3582.

**1.**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted his administrative rights, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have

5

full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

**2.**

The statutory exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Sanders indicates that on October 2, 2020, he submitted a request to the acting warden for "prioritization of home confinement or compassionate release." (ECF No. 38, PageID.129–130.) More than 30 days have passed, and it is unclear if the warden responded. Notably, the government does not contest exhaustion.

**3.**

Sanders must demonstrate "extraordinary and compelling reasons" to justify his early release.

The term "extraordinary and compelling" is not defined in the statute; instead, another provision, 28 U.S.C. § 994(t), directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons . . . including the criteria to be applied and a list of specific examples." The Sentencing Commission has done so in the commentary to the applicable policy statement, USSG § 1B1.13, setting forth four specific categories. USSG § 1B1.13, comment n.1. But this policy statement and accompanying commentary have not been updated since the passage of the First Step Act of 2018, which amended § 3582(c)(1)(A) to permit defendants to file motions for compassionate release on their own behalf. As a result, the policy statement still provides that a sentence reduction may be granted only on the Bureau of Prison's motion. *See* USSG § 1B1.13, comment n.4. Thus, the Sixth Circuit has now clearly held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States*

*v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20.

In determining this definition during the unprecedent coronavirus pandemic, this Court has considered whether defendants had "severe medical conditions" which placed them at high risk of severe illness in the event of a coronavirus infection, were housed at a facility with confirmed cases, and had served "a large majority of their sentences." *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *3 (E.D. Mich. June 10, 2020). Post-*Jones* and *Elias*, these remain appropriate considerations.

Sanders' age, time served, and health conditions do not favor release. Sanders is 33 years old. He has served only about 25 percent of his below-guidelines sentence. (ECF No. 40, PageID.160.) In his motion, Sanders references a need for chronic care, but does not disclose any underlying medical conditions. The government has provided nearly 250-pages of Sanders' prison medical records that reference chronic neck and shoulder pain from a 2017 motor vehicle accident. (ECF No. 41-1.)

True, Sanders' presentence report noted that, according to some hospital records, Sanders might have asthma. (Presentence Report, ¶ 54.) And unlike neck and shoulder pain, asthma is a condition that, according to the Centers for Disease Control and Prevention, might put Sanders at risk of severe illness from COVID-19. *People with certain medical conditions*, Centers for Disease Control and Prevention, https://perma.cc/R9RB-EU23. But without more information or supporting medical records, the Court cannot find that Sanders' health condition presents an "extraordinary and compelling" reason warranting compassionate release.

Nor does the positivity rate at FCI Cumberland support release. FCI Cumberland is presently reporting 13 positive inmate and 10 positive staff cases. *COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 9, 2021). While this is concerning, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

Further, the facility is taking precautions to try to minimize the spread of the virus. (ECF No. 40.) Indeed, this is the essence of Sanders' motion. It is these measures—the reduction in programming and especially those that enable prisoners to earn credits off their sentence, the restrictions on family interactions, and the reduction in medical care—that Sanders seems to be suggesting are the extraordinary and compelling circumstances that warrant his release. These measures apply to all of the inmates. And they are hopefully short-lived. FCI Cumberland has fully vaccinated 166 staff members and 27 inmates, *COVID-19 Vaccine Implementation,* Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 9, 2021), and the availability of the vaccines should continue to increase over time. Thus, while these restrictions are unfortunate, to the extent they are being taken to protect the health and safety of the inmates and the prison staff, they do not rise to the level of extraordinary and compelling circumstances that would result in the release of most prisoners.

The Court also commends Sanders for the positive rehabilitative steps he has taken during the relatively short time he has been serving his sentence. But the reported conduct, which is expected of defendants, also does not rise to the level of "extraordinary and compelling." Thus, finding no extraordinary and compelling reason to reduce Sanders' sentence, the Court need not address the section 3553(a) sentencing factors. The Court does note, however, that the government

8

makes a compelling argument that compassionate release would not be appropriate under an analysis of those factors. (ECF No. 40, PageID.158–166.)

One final note is in order. In seeking home confinement, Sanders may also be relying on the CARES Act and 18 U.S.C. § 3624(b), which governs good time credits. But these provisions grant authority to the Attorney General or BOP to make certain sentencing modifications. They are "not the proper mechanism for seeking compassionate release or to ask the courts for a reduction in the term of imprisonment." *United States v. Pooler*, No. 18-cr-00137, 2020 U.S. Dist. LEXIS 224934, at * 13–15 (S.D. Ohio Dec. 1, 2020).

### III.

Thus, for the reasons stated, Sanders' motion or petition for release from custody or reduction in sentence is DENIED.

IT IS SO ORDERED.

Dated: February 11, 2021

                                             s/Laurie J. Michelson
                                             LAURIE J. MICHELSON
                                             UNITED STATES DISTRICT JUDGE